1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8
9    Steve Ray Bentley,                              No. CV 16-00938-PHX-GMS (DMF)

10                      Petitioner,                  **REPORT AND**
                                                     **RECOMMENDATION**
11   v.

12   Charles L. Ryan, Attorney General of the
     State of Arizona, et al.,
13
14                      Respondents.

15   **TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT**

16   **JUDGE:**

17          Petitioner Steve Ray Bentley ("Petitioner") filed, through counsel, a Petition for

18   Writ of Habeas Corpus ("Petition") on April 4, 2016 (Doc. 1).   Petitioner was convicted

19   by jury trial in the Maricopa County Superior Court, case #- CR 2008-031177-001, of

20   seventy one counts of misconduct involving weapons and was sentenced as a repetitive

21   offender to a 4.5-year prison term on Count 1 and to concurrent 4.5-year prison terms on

22   the other 70 counts, consecutive to the sentence on Count 1.  Petitioner names Charles L.

23   Ryan, Director ADOC as Respondent and the Arizona Attorney General as an additional

24   respondent.   On April 8, 2016, this Court ordered Respondents to answer the petition

25   (Doc. 3).  Respondents have filed an answer (Doc. 15), and Petitioner filed a reply (Doc.

26   20).

27          As explained below, the Court recommends that the Petition be denied and

28   dismissed with prejudice because 1) Petitioner did not exhaust his claim, which is now

procedurally defaulted without excuse; and, separately, 2) Petitioner's claim fails on the merits.

## I.     BACKGROUND

After a jury trial, Petitioner was convicted of 71 counts of misconduct involving weapons (prohibited possessor), which are class 4 felonies (Doc. 1 at p. 2; Doc. 15-1 at p. 4-19, 22-50).  In short, the facts leading to the convictions are as follows:  Petitioner was on probation for a class 6 undesignated offense and, despite probation conditions prohibiting him from possessing or controlling any firearms, Petitioner had control over 71 different firearms in a storage unit (Doc. 15-1 at p. 4-19; Doc. 15-3 at p. 50-52).[1]  The trial court sentenced Petitioner to 4.5 years' imprisonment for Count 1, and to concurrent terms of 4.5 years' imprisonment for the other 70 counts, consecutive to the sentence on Count 1, with 187 days of presentence-incarceration credit for each count (Doc. 1 at p. 2; Doc. 15-2 at p. 2- 26).  The trial court's reasons "for ordering a consecutive term between count 1 and counts 2 through 71 [included] the serious nature of these crimes, the number of weapons that were possessed, [and] the dangerousness of these weapons" (Doc. 15-7 at p. 144-245).

The court advised Petitioner of his right to appeal and the requirement of a timely appeal (Doc. 15-7 at p. 246).  Petitioner timely appealed to the Arizona Court of Appeals, raising one issue, a motion to suppress issue that is not raised in his habeas Petition (Doc. 1 at p. 3; Doc. 15-2 at p. 27-46).  The appeal was unsuccessful as was the petition for review to the Arizona Supreme Court (Doc. 15-3 at p. 49-61).

Petitioner did not raise an issue similar to the claim in his habeas Petition until his petition for post-conviction relief ("PCR") in the state court (Doc. 1 at p. 3-4; Doc. 15-3 at p. 68-73).  The PCR petition argued that the trial sentenced him to serve 70 counts of misconduct involving weapons consecutive to the sentence imposed on Count 1, when

---

[1] *State v. Bentley*, No. 1 CA-CR 09-0260, 2010 WL 2638504, at *1–2, ¶¶ 3-6 (Ariz. Ct. App. July 1, 2010) (Doc. 15-3 at p. 49-57).  Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state court shall be presumed to be correct." That includes findings of fact by an appellate court. *See Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Runningeagle v. Ryan*, 686 F.3d 763 n.1 (9th Cir. 2012).

A.R.S. § 13–116 barred consecutive terms for conduct arising from a "single act" (Doc. 15-3 at p. 68).  No federal constitutional issue was raised at all, not in the petition and not in the reply (Doc. 15-3 at p. 68-73, 85-87).  Even the federal cases cited were not decided based on constitutional principles or any other federal right applicable to Petitioner.  The cited federal cases were based on statutory construction of the federal prohibited possessor statute, 18 U.S.C. §922(g), which was inapplicable, but Petitioner's counsel argued was analogous.  *See, e.g., United States v. Wiga*, 662 F.2d 1325, 1336-37 (9th Cir. 1981); *United States v. Szalkiewicz*, 944 F.2d 653, 653-54 (9th Cir. 1991); (Doc. 15-3 at p. 71).

The State responded that the sentencing issue was precluded from being raised in his PCR petition under Rule 32.2(a) because Petitioner could have raised it on direct appeal, but failed to do so (Doc. 15-3 at p. 79-80).  The State also argued that Petitioner's consecutive sentences were lawful because they did not arise from a single act that violated multiple statutes, but rather from multiple violations of the same statute (Doc. 15-3 at p. 80-82).

The trial court found the issue in the PCR petition precluded pursuant to Rule 32.3(a)(2) because Petitioner could have but failed to raise the argument contained in his PCR petition on direct appeal (Doc. 15-3 at p. 89-91).  The court further found that even if Petitioner were not precluded from raising the claim, the claim lacked merit:

> [Petitioner] asserts that he should not have received consecutive sentences because the offenses arose out of a single act. [Petitioner] misunderstands and misapplies the law.
>
> Arizona uses the "identical elements test to determine whether a constellation of facts constitutes a single act, which requires concurrent sentences, or multiple acts, which permit consecutive sentences.  [State v. Gordon, 161 Ariz. 308, 312, 778 P.2d 1204, 1208 (1989.)]  In applying the test, the Court must eliminate evidence pertinent to one charge and then decide whether the remaining evidence is sufficient to support the remaining charge(s). If it is, then consecutive sentences may be imposed. Otherwise, sentences must be concurrent.

> In the case *sub judice*, the [Petitioner] was found with numerous firearms despite his being a prohibited possessor. Each count for which he was convicted was supported by a separate and distinct weapon. The question, then, is whether after removing the evidence from the first count, there remains sufficient evidence to support the other charges. The essential element of the crime was the illegal possession of the weapon. If that weapon was removed from the evidence, the remaining 70 weapons would still exist, and would each independently support separate charges against the defendant. The existence of the weapons, therefore, is not a "single act." Accordingly, consecutive sentences are permissible in this case.

(Doc. 15-3 at p. 90-91) (footnotes omitted).

After several filings regarding extending time for a PCR petition (Doc. 15-3 at p. - 95- 105), Petitioner brought another PCR petition (Doc. 15-3 at p. 107-122) arguing ineffective assistance of trial and appellate counsel and that Petitioner was being held on an illegal sentence.  The arguments about an illegal sentence do not state, reference, or cite any federal constitutional provision or cite any case based on federal constitutional rights (Doc. 15-3 at p. 118-122).  The trial court found that Petitioner's PCR petition was untimely and successive, barring his claims (Doc. 15-3 at p. 124-125); the trial court dismissed the PCR petition (*Id.*).

Petitioner thereafter sought review from the Arizona Court of Appeals (Doc. 15-3 at p. 127-134) stating that:

> [T]he conviction in this matter was in violation of the Constitution of the United States and of the State of Arizona.  The sentence imposed was in violation of the prohibition against excessive fines and cruel and unusual punishment. Ariz. R. Crim. P. 32.1(a).

(Doc. 15-3 at p. 130).  Despite this broad claim, the argument in the PCR petition and reply were focused on state statutory and case law, statutory interpretation, and lacked description of or cites supporting a federal constitutional basis to the sentencing error argument (Doc. 15-3 at p. 127-134, p. 149-156); the only federal constitutional references were to ineffective assistance of counsel for not raising the sentencing argument before PCR proceedings (*Id.*).  The only federal cases cited were presented involved the inapplicable federal prohibited possessor statute, 18 U.S.C. §922(g).  Petitioner presented

these federal cases for statutory construction analysis as analogous in interpreting the state prohibited possessor statute under which Petitioner had been prosecuted.   The Arizona Court of Appeals granted review, but denied relief (Doc. 15-3 at p. 158-160):

> On review, [Petitioner] repeats his argument that the trial court improperly imposed consecutive sentences. This claim could have been raised on appeal and thus cannot be raised in a petition for post-conviction relief. Ariz. R. Crim. P. 32.1(a); 32.2(a). [Petitioner] does not address preclusion in his petition for review, but asserts in his reply to the state's response that we should characterize his claim as one of ineffective assistance of trial counsel—an argument he did not raise below. We do not address claims raised for the first time a reply, *see State v. Lopez*, 223 Ariz. 238, ¶¶ 6-7, 221 P.3d 1052, 1054 (App. 2009), or that were not raised below, *State v. Ramirez*, 126 Ariz. 464 468, 616 P.2d 924, 928 (App. 1980).

(Doc. 15-3 at p. 159-160).  The Arizona Supreme Court summarily denied review (Doc. 1 at p. 4; Doc. 15-3 at p. 162; Doc. 15-4 at p. 2, 13).

## II.   PETITIONER'S HABEAS CLAIM

Petitioner raises only one ground for relief—that his two consecutive 4.5 years' imprisonment terms violated the Eighth Amendment.  Petitioner argues that the 9 years of imprisonment exceeded the statutory limit of 6 years under A.R.S. §§ 13–3102(M) & –703(I) despite that Petitioner was convicted of 71 separate counts involving different firearms (Doc. 1 at p. 2, 5, 9-22).  Petitioner asserts "that his possession of 71 firearms in a storage unit should constitute one single violation of A.R.S. § 13-3102(M)" (Doc. 1 at p. 5).

Respondents argue that the Petition should be denied for because "Petitioner failed to fairly present [his habeas claim] to the state courts, and therefore, his claim is unexhausted and procedurally defaulted without excuse" (Doc. 15 at p. 10).  Respondents also argue that the claim is meritless (Doc. 15 at p. 15-20).

Petitioner replied, not addressing the exhaustion/procedural default, arguing that the rule of lenity requires habeas relief, and also asserting that the sentence in this case violated the Due Process and Double Jeopardy provisions of the Fifth and Fourteenth Amendments (Doc. 20).

After review of the record before the Court, the Court agrees with Respondents. The Petition is unexhausted and procedurally defaulted without excuse. Further, the claim is meritless. The entire premise of Petitioner's argument rests on an interpretation of state law, the sentence imposed is not greater than the statutory maximums, and Petitioner has failed to show that the state court sentence is contrary to clearly established United States Supreme Court law.

## III.   APPLICABLE LAW

### A.   Exhaustion and Procedural Default

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The exhaustion requirement is not satisfied by the presentation of a claim in a procedural context in which its merits will not be addressed absent special circumstances. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). When a person is convicted by jury trial and sentenced in Arizona courts, the appropriate route to fairly present claims to the Arizona Court of Appeals is through the direct appeal process. *See* Ariz.R.Crim.P. 31, 26.11, 32; Ariz.Const. art. 2, § 24 (1956) (which guarantees defendants in criminal prosecutions "the right to appeal in all cases").

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. *See, e.g., Picard v. Connor*, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with

the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); *see Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court."). Articulating the specific applicable federal theory is often referred to as federalizing a claim.

To federalize a claim, it is not enough to simply cite the general federal constitutional provision and/or buzzwords unaccompanied by federal constitutional analysis. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2001) ("Exhaustion demands more than a citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory"). A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. *Shumway*, 223 F.3d at 987 (*quoting Gray v. Netherland*, 518 U.S. 152, 163 (1996)); *see Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Shumway*, 223 F.3d at 988 (quotations omitted); *see Picard*, 404 U.S. at 275-77. Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), *amended by* 247 F.3d 904 (9th Cir. 2001); *see Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

- 7 -

In addition, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. *See Coleman v. Thompson*, 501 U.S. 722, 731-32. The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id.* at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. *See id.* at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent" and "adequate," federal courts generally decline to hear the claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citations omitted). A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). A state procedural rule is "adequate" if it is "strictly or regularly followed." *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (*quoting Hathorn v. Lovorn*, 457 U.S. 255, 262-53 (1982)).

Furthermore, if a state court applies a procedural bar, but goes on to alternatively

- 8 -

address the merits of the federal claim, the claim is still considered barred from federal review. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding... [A] state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (*citing Harris*, 489 U.S. at 264 n.10).   Additionally, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. *See Ylst*, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile.  *See Coleman*, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (*quoting Harris*, 489 U.S. at 263 n.9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted.  *See* Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar).  Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim by an Arizona court, or its operation to preclude a return to state

court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court.  *See Stewart*, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); *Smith v. Stewart*, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, *Stewart v. Smith*, 536 U.S. 856 (2002); *see also Ortiz v. Stewart*, 149 F.3d 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

### B.     Cause and Prejudice or Miscarriage of Justice

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice.  28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

The first way a petitioner may excuse a default is to show cause and prejudice. This test is "conjunctive"; a petitioner must show both cause and prejudice to excuse a default.   *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).   To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded [petitioner]'s efforts to comply with the State's procedural rules."   *Coleman*, 501 U.S. at 753 (internal quotation marks omitted). To show "prejudice," a petitioner must demonstrate that the underlying alleged constitutional violation worked to the prisoner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Stokley v. Ryan*, 705 F.3d 401, 403 (9th Cir. 2012).

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes

that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). To prove a "fundamental miscarriage of justice," a prisoner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This standard "is demanding and permits review only in the extraordinary case," *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted), and requires the petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup*, 513 U.S. at 324 (emphasis added); *accord Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011).

### C.    Standard Governing Federal Habeas Review

A federal court may only consider a petition for writ of habeas corpus if the petitioner alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned

decision' by a state court ... ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004.). Further, pursuant to 28 U.S.C. §2254(b)(2), a court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 404-05. "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002).

## IV.   ANALYSIS

Petitioner was convicted by jury trial and then sentenced by the trial court.  Thus, the appropriate route for Petitioner to fairly present his claim to the Arizona Court of Appeals was through a timely direct appeal by providing the facts underlying his claim and the federal basis of such claim.  Petitioner failed to do so in several ways and, therefore, the Petition claim is not exhausted.  First, Petitioner failed to raise the Petition claim on direct appeal.  This is undisputed.  While Petitioner raised a similar claim to the claim in his Petition in his PCR petition, the trial court found was an improper given that Petitioner could have but did not raise such claim on direct appeal; the court of appeals agreed.  The claim is, thus, procedurally defaulted.

Even if Petitioner had raised on direct appeal the same exact claim and arguments about his sentence that Petitioner raised in his PCR petition and proceedings thereon, the habeas claim in the Petition would still be unexhausted and procedurally defaulted. Petitioner's arguments about his sentence in his PCR proceedings were not based on a federal right under the United States Constitution or other federal law applicable to him.

His claim and arguments were based on state law and statutory construction. In short, Petitioner did not federalize his claim about his sentence even in his PCR petition proceedings, initially or successively.

In his initial PCR petition, Petitioner raised an issue similar to the claim in his habeas Petition, but without a federal constitutional basis. The PCR petition argued that the trial sentenced him to serve 70 counts of misconduct involving weapons consecutive to the sentence imposed on Count 1, when A.R.S. § 13–116 barred consecutive terms for conduct arising from a "single act" (Doc. 15-3 at p. 68). Citing federal cases does not necessarily "federalize" a claim. While Petitioner cited federal cases, no federal constitutional issue or other federal right was raised at all, not in the petition and not in the reply (Doc. 15-3 at p. 68-73, 85-87). The federal cases cited by Petitioner were not decided based on constitutional principles, but were based on statutory construction of the federal prohibited possessor statute, 18 U.S.C. §922(g), which was inapplicable, but Petitioner's counsel argued was analogous to state law for statutory construction purposes. *See, e.g., United States v. Wiga*, 662 F.2d 1325, 1336-37 (9th Cir. 1981); *United States v. Szalkiewicz*, 944 F.2d 653, 653-54 (9th Cir. 1991); (Doc. 15-3 at p. 71).

The second PCR petition raised the same sentencing claim as the first PCR petition (citing the same and similar state and federal cases about statutory construction).[2] The petition for review of the second PCR petition contained the same argument about sentencing as the first and second PCR petitions but also mentioned the Constitution of the United States and the State of Arizona as well as the prohibition against excessive fines and cruel and unusual punishment in the introduction. Even on PCR review, Petitioner did not adequately federalize his sentencing claim.

The Court finds that Petitioner failed to fairly present or articulate an issue grounded in federal constitutional or applicable federal statutory law in his PCR petitions before the trial court even though he labeled his claim a constitutional claim on petition

___

[2] The second, successive PCR petition also raised ineffective assistance of counsel claims not asserted in the Petition.

to review the denial of his second PCR petition.  Petitioner's claim is now subject to an implied procedural bar because his claim was not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

For the reasons above, Petitioner has not exhausted his federal claim set forth in his Petition, which is now procedurally barred.  *See Scott v. Schriro,* 567 F.3d 573, 582 (9th Cir. 2009); *Castillo v. McFadden,* 399 F.3d 993, 1002 (9th Cir. 2005); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999).  In Petitioner's reply in support of the Petition (Doc. 20), Petitioner attempts to raise for the first time an assertion that Petitioner's sentence violated the Due Process and Double Jeopardy provisions of the Fifth and Fourteenth Amendments of the United States Constitution (Doc. 20).  Likewise, such claims are unexhausted and procedurally barred.

Petitioner has failed to even allege, let alone meet his burden of demonstrating, cause and prejudice or a miscarriage of justice to overcome the procedural default. Petitioner has not identified any "objective factor external to the defense" that prevented him from presenting his claims to the state courts.  *Coleman*, 501 U.S. at 753.  Petitioner uses the words "miscarriage of justice" but does not acknowledge, let alone apply, the federal habeas standard for miscarriage of justice – actual innocence.  Petitioner has not asserted his innocence, nor has he presented any new evidence here, much less evidence so powerful "that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Because Petitioner has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice, the Court cannot review his claim.

Even if the Court were to reach the merits of the Petition's claim, relief is not warranted.  "[F]ederal habeas corpus does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Application of state sentencing statutes are matters of state law.  *See Beaty v. Stewart,* 303 F.3d 975, 986 (9th Cir.2002).  Any such state-law

error would not constitute a cognizable ground for granting Petitioner federal habeas relief.  *See Lewis,* 497 U.S. at 780 (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law....") "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus.  *Ramirez v. Arizona,* 437 F.2d 119, 120 (9th Cir.1971)."  *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994).[3]

While the Petition ground states that it is an Eighth Amendment claim "because the total of 9 years of imprisonment exceeds the statutory limits of 6 years" per violation (Doc. 1 at p. 5), the memorandum of law accompanying the Petition reveals a state law statutory construction claim, not a federal constitutional claim (Doc. 1 at p. 9-24). Petitioner was not prosecuted under any federal statute. Yet, Petitioner's reply (Doc. 20) focuses on a rule of federal statutory construction, the rule of lenity, and cites cases applying this rule to cases prosecuted under federal statutes.  Petitioner has failed to show how this federal rule applies, let alone creates any federal constitutional right, regarding the state statutory law under which Petitioner was prosecuted.  The rule of lenity "is simply a canon of statutory construction" when federal courts interpret ambiguous federal statutes.  *United States v. LeCoe,* 936 F.2d 398, 402 (9th Cir. 1991) (citations omitted). The rule of lenity, the federal rule of lenity cases, and the arguments based thereon are far afield from Petitioner's habeas claim under the Eighth Amendment of the United States Constitution.

Petitioner has not shown that the last reasoned decision of the state court on the merits, the trial court's alternative ruling on the merits of the sentencing claim in the first

---

[3] In *Cacoperdo*, the petitioner argued that his sentence violated the prohibition of the Eighth Amendment of the United States Constitution as being cruel and unusual punishment.  The Ninth Circuit acknowledged that the sentence in Cacoperdo's case was "severe…[b]ut 'outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare'" and denied relief. *Cacoperdo v. Demosthenes,* 37 F.3d at 507 (citation omitted).  Petitioner has not cited one federal case about constitutional proportionality of his sentence, let alone one that supports an argument that his sentence was constitutionally defective as to proportionality.

PCR proceedings at the trial court (Doc. 15-3 at p. 90-91), is contrary to or an unreasonable application of any United States Supreme Court authority. This Court is bound by the state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Thus, this Court is bound by the trial court's reasoned decision that Petitioner was not illegally sentenced:

> Arizona uses the "identical elements test to determine whether a constellation of facts constitutes a single act, which requires concurrent sentences, or multiple acts, which permit consecutive sentences. [State v. Gordon, 161 Ariz. 308, 312, 778 P.2d 1204, 1208 (1989).] In applying the test, the Court must eliminate evidence pertinent to one charge and then decide whether the remaining evidence is sufficient to support the remaining charge(s). If it is, then consecutive sentences may be imposed. Otherwise, sentences must be concurrent.
>
> In the case *sub judice*, the [Petitioner] was found with numerous firearms despite his being a prohibited possessor. Each count for which he was convicted was supported by a separate and distinct weapon. The question, then, is whether after removing the evidence from the first count, there remains sufficient evidence to support the other charges. The essential element of the crime was the illegal possession of the weapon. If that weapon was removed from the evidence, the remaining 70 weapons would still exist, and would each independently support separate charges against the defendant. The existence of the weapons, therefore, is not a "single act." Accordingly, consecutive sentences are permissible in this case.

(Doc. 15-3 at p. 90-91) (footnotes omitted). The trial court clearly held, based on Arizona law that Petitioner had raised, that Petitioner was not sentenced in excess of the applicable statutory maximums.

Accordingly,

**IT IS THEREFORE RECOMMENDED that** the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists

of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapi*a, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 30th day of January, 2017.

Honorable Deborah M. Fine
United States Magistrate Judge