# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Ray Bentley,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-16-00938-PHX-GMS<br><br>**ORDER** |

      Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus and United States Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R"). Docs. 1, 21. The R&R recommends that the Court deny and dismiss the Petition with prejudice. Doc. 21 at 16. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *Id.* at 17 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

      The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-

taken. The Court will accept the R&R and deny and dismiss the Petition with prejudice. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS ORDERED:**

1. Magistrate Judge Fine's R&R (Doc. 21) is **accepted**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied and dismissed with prejudice**.

3. The Clerk of Court shall **terminate** this action.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 21st day of February, 2017.

_____
Honorable G. Murray Snow
United States District Judge